IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FIRST NATIONAL BANK OF PENNSYLVANIA, | * |
| | * |
| Plaintiff | * Case No. 17–02916–JFM |
| v. | * |
| UNITED CORROSION CONTROL LLC, et al, | * |
| | * |
| Defendants. | * |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

This Memorandum Opinion[1] addresses the Complaint for Confession of Judgment that

Plaintiff First National Bank of Pennsylvania ("First National Bank" or the "Bank") filed against

Defendants United Corrosion Control LLC and James R. Hecht (collectively, the "Defendants").

(ECF No. 1). For the reasons stated below, I direct that the Clerk of the Court enter judgment by

confession against Defendants.

Local Rule 108.1 ("Judgment by Confession") provides:

> A complaint requesting the entry of judgment by confession shall be filed by the
> plaintiff accompanied by the written instrument authorizing the confession of
> judgment and entitling the plaintiff to a claim for liquidated damages and
> supported by an affidavit made by the plaintiff or someone on that party's behalf
> stating the specific circumstances of the defendant's execution of said instrument
> and including, where known, the age and education of the defendant, and further
> including the amount due thereunder, and the post office address (including street
> address if needed to effect mail delivery) of the defendant.

Loc. R. 108.1(a) (D. Md. 2016). Upon review of the documents required to be submitted by

Local Rule 108.1,

---

[1] On October 3, 2017, in accordance with 28 U.S.C § 636 and Local Rule 301.6(ak), Judge Motz
referred this case to me to review Plaintiff's Complaint for Judgment by Confession. (ECF No.
1).

the Court may direct the entry of judgment upon a finding that the aforesaid documents prima facie establish (1) a voluntary, knowing, and intelligent waiver by the defendant of the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages and (2) a meritorious claim of the plaintiff for liquidated damages against the defendant.

Loc. R. 108.1(b) (D. Md. 2016).

Here, First National Bank attached to its Complaint multiple documents, including a Second Amended and Restated Promissory Note (the "Note) dated May 2, 2016, which reaffirms that Defendants ("Borrowers") borrowed the principal sum of $1,500,000.00 from First National Bank ("Lender"), (ECF No. 1-1) as well as a First Modification Agreement dated October 15, 2015, a Second Modification Agreement dated May 2, 2016, and the original Loan Agreement between the parties, dated July 31, 2015, (ECF No. 1-2). The Loan Agreement, First Modification Agreement, Second Modification Agreement, and Note are all signed by Defendant James R. Hecht, President of United Corrosion Control. The Note incorporates by reference the First and Second Modification Agreements and the Loan Agreement. Under the Loan Agreement, "failure to pay," or when "Borrower fails to pay when due any of the Liabilities," constitutes an event of default. (ECF No. 1-2 at ¶ 61(a)). Upon default, the Note provides that

> Lender may declare the entire principal balance outstanding under this Note, plus accrued interest and all other sums owed under this Note, immediately due and payable without presentment, protest, or notice of any kind, reference is made to the Loan Documents for further and additional rights on the part of Lender to declare the entire balance outstanding under this Note, plus accrued interest and all other sums owed under this Note, immediately due and payable.

(ECF No. 1-1 at ¶ 23(a)). The Note also contains a "Confession of Judgment" provision, which states, "Borrower authorizes any attorney designated by Lender or any clerk of any court of record to appear for Borrower and confess judgment against Borrower in favor of Lender for the full amount due on this Note (including principal, accrued interest, charges and fees), plus court costs, plus attorneys' fees equal to fifteen percent (15%) of the amount due." *Id.* at ¶ 23(c).

Attached to its Complaint, First National Bank included two additional documents in support of its claim. First, the Bank included a letter from David V. Fontana, counsel to the Bank, to Defendants dated August 29, 2017 requesting that, due to various events of default and the Defendants' total cessation of ongoing business operations, the total principal and interest amount due and owing from the Defendants be paid to the Bank by September 5, 2017. (ECF No. 1-3). Second, First National Bank attached the affidavit of Paul Shickel, an Assistant Vice President at the Bank and the loan officer responsible for collecting the commercial loan that the Bank made to Defendants. (ECF No. 1-4).

Having reviewed the Complaint and other exhibits submitted by First National Bank, I find that the Note and other loan documents constitute the "written instrument[s] authoriz[ing] the confessed judgment and entitl[ing] Plaintiff to a claim for liquidated damages." *See* Loc. R. 108.1(a). In his affidavit, Mr. Shickel certifies the truthfulness of the assertions in the Complaint, authenticates the exhibits attached to the Complaint, provides the circumstances of the execution of the Note, and details calculation of the requested confessed judgment. (ECF No. 1-4). Mr. Shickel's affidavit states that the Note was executed by Mr. Hecht, United Corrosion Control's President, who was born in 1954, and provides the mailing addresses for Defendants. *Id.* Thus, I find that First National Bank has complied with the requirements of Local Rule 108.1 and that the documents attached to the Complaint "prima facie establish . . . a voluntary, knowing, and intelligent waiver by the defendant of the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages." *See* Loc. R. 108.1(b). I further find that First National Bank, through its submissions, has established a "meritorious claim . . . for liquidated damages against" Defendants. *See id.* Mr. Shickel's affidavit provides that, as of September 13, 2017, Defendants had an outstanding balance under

the Note of $1,507,269.39, the sum of $1,500,00.00 in unpaid principal and $7,269.39 in accrued interest through September 13, 2017. The affidavit also provides that interest on the principal amount would continue to accrue on the unpaid principal balance at a rate of $166.20 per day after September 13, 2017 until the entry of judgment. Through the date of this Memorandum Opinion and implementing Order, $11,467.80 in additional interest has accrued in the sixty-nine days that have passed since September 13, 2017. Thus, Defendants currently have an outstanding balance under the Note of $1,518,737.19.

In summary, I find that First National Bank's Complaint and the exhibits incorporated therein prima facie establish that Defendants voluntarily, knowingly, and intelligently waived the right to notice and a prejudgment hearing on the merits of the Bank's claim for liquidated damages, and that the Bank has presented a meritorious claim for liquidated damages in the amount of $1,518,737.19. Therefore, I direct the Clerk to enter the confessed judgment against Defendants in the amount of $1,518,737.19, which includes $1,500,000.00 in outstanding principal, $7,269.39 in interest accrued through September 13, 2017, and $11,467.80 in interest accrued between September 13, 2017 and the date of this Memorandum Opinion and implementing Order. After the culmination of its collection efforts, Plaintiff will be permitted to submit a specific amount claim for attorneys' fees and collection expenses with an affidavit in support of the requested fees and costs.

I further direct the Clerk to ensure that notice of this entry is provided to Defendants at the addresses listed below.

United Corrosion Control LLC            James R. Hecht
7954 Baltimore-Annapolis Boulevard      105 St. Ives Drive
Glen Burnie, MD 21146                   Severna Park, MD 21146

An implementing Order will follow.

Date:   November 21, 2017
                                    _____/s/_____
                                    J. Mark Coulson
                                    United States Magistrate Judge